SCOTT N. SCHOOLS (SC 9990)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

SUSAN KNIGHT (CSBN 209013)
Assistant United States Attorney

150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5056
FAX: (408) 535-5066
Susan.Knight@usdoj.gov

Attorneys for Plaintiff

*E-filed 3/1/07*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>NEOMA TORRES,<br>Defendant. | No. 06-00787 JF<br><br>STIPULATION AND [~~PROPOSED~~] ORDER EXCLUDING TIME<br><br>SAN JOSE VENUE |

On February 26, 2007, the parties in this case appeared before the Court for an initial appearance. After the defendant was arraigned and entered a plea of not guilty, the parties jointly requested that the case be placed on Judge Fogel's calendar for March 14, 2007. Assistant United States Attorney Susan Knight then explained that the government needed to provide discovery to defense counsel and requested an exclusion of time under the Speedy Trial Act from February 26, 2007 to March 14, 2007. The defendant, through her counsel Mark Eibert, agreed to the exclusion. The undersigned parties agree and stipulate that an exclusion of time is appropriate based on the defendant's need for effective preparation of counsel.

//

SO STIPULATED:

SCOTT N. SCHOOLS
United States Attorney

DATED:_______________

_____________/s/_______________________
SUSAN KNIGHT
Assistant United States Attorney

DATED:_______________

_____________/s/_______________________
MARK D. EIBERT
Counsel for Ms. Torres

Accordingly, for good cause shown, the Court HEREBY ORDERS that time be excluded under the Speedy Trial Act from February 26, 2007 to March 14, 2007. The Court finds, based on the aforementioned reasons, that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial. The failure to grant the requested continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv).

SO ORDERED.

DATED: 3/1/07

_______________________________________
HOWARD R. LLOYD
United States Magistrate Judge